Gaston, Judge,
 

 after stating the
 
 facts as
 
 above, proceeded as follows: We are of opinion that the facts shewn do not make out such a failure, upon the ground that from them it appears that the suit is undecided, and victory or defeat, success or failure, remains to be ascertained by the result of that suit.
 

 It may not be easy for a court of law to pronounce upon the effect of the decretal order that was made in the equity suit; but it cannot fail to see that that order does not determine, nor profess to determine the controversy between the parties. It makes, indeed, a different arrangement for the custody of the slaves than that which was temporarily directed upon the filing of the bill, and which had expired by-its own limitation. But for some purpose or other, it continues and upholds the injunction, which had issued to restrain the defendant from carrying the negroes out of the State, and concludes with authorising the plaintiffs and- the defendant to amend their respective allegations. Which of the parties gets the advantage in this, their first encounter, it is unnecessary to enquire. It is enough for the purposes- of this suit, that the contest is not ended.
 

 Failure, used in connection with any enterprise, in its or
 
 *55
 
 dinary and obvious sense, means abandonment or defeat. There may be checks — there may be disappointments— there may be auguries of ill omen — but so long as the enterprise is prosecuted and its result unascertained, there is no
 
 failttre.
 
 That the term failure, in the bond before us, was used in this, its ordinary sense, is rendered more probable by the manifest resemblance between this bond and the prosecution bond given by plaintiffs in suits at law. The clerk of every court of law is required, before he issues any writ or leading process, to take sufficient security from the person so applying,
 
 “
 
 conditioned that he will prosecute such suit, and, in ease of failure, pay to the defendant all such costs and damages as may be awarded against him.” What is meant in a bond taken under this act, by “ prosecution of the suit” —and by “ failure” therein — is beyond doubt. They mean, on the one hand, a successful prosecution unto final judgment — and on the other, a voluntary abandonment of the suit, or a final judgment against the plaintiff. Now, what good reason can be assigned why the same terms used in the condition of the bond before us — so strikingly.alike the ordinary bond given by every plaintiff on instituting a suit at law — should receive a different meaning? The error into which the court below has fallen, was probably occasioned by regarding the bond as an injunction bond, and thence inferring that the condition thereof ought to be interpreted by analogy to that which prevails in
 
 ordinary
 
 injunction bonds. But it is to be noticed, that the condition of
 
 these,
 
 that is to say, wherever an injunction issues to stay execution of a judgment at law, is positively prescribed by statute:
 
 u
 
 the complainant shall enter into bond with sufficient security fore the Master of the Court of Equity, whence the .-
 
 j.
 
 „
 
 ^ ^ t r t
 
 , . tion issues, for the payment into court of the sum ed of, and all costs,
 
 uyon the dissolution of the
 
 injunction.” The specific contingency upon which the entire obligation rests, is the dissolution of that injunction. If it be dissolved, the bond
 
 necessarily
 
 becomes absolute. But no statute prescribes the form in which any other injunction bond shall given. Upon the sound discretion of the Judge, who makes a fiat for such injunction, depends the security to be demand-
 
 *56
 
 e(j from the applicant. And upon the
 
 terms
 
 of that security depends the liability of him or them who enter into it.
 

 
 *55
 
 The dis’in0,10n bebond given taming a a Judge’s fiat an ordi”^Yhond °" given upon fnjunctioX me^alhi!'
 

 
 *56
 
 The order of the Court of Equity that the plaintiff have leave to put the bond in suit, lias no other effect than to save her from the penalties of a contempt, for bringing an action thereon without permission. It cannot modify the character of the instrument.
 

 It is the opinion.of this Court, that the judgment below is erroneous, and ought to be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.